# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

**Dereje Zewdu**
13117 Broadmore Rd.
Silver Spring, MD 20904
                  *Plaintiff*
v.

**Nationwide Recovery Service, Inc.**
5655 Peachtree Parkway, Suite 211
Norcross, GA 30092
SERVE ON:
Cogeny Global Inc.
1519 York Rd.
Lutherville, MD 21093

**Trans Union LLC**
1013 Centre Road,
Wilmington DE 19805
**Serve on**:
   Csc-Lawyers Incorporating Service Company
   7 St. Paul Street, Suite 820
   Baltimore MD 21202

Case No. _____

_____

## COMPLAINT
## &
## REQUEST FOR JURY TRIAL

Plaintiff Dereje Zewdu, through his undersigned attorney Ingmar Goldson and The Goldson Law Office, LLC hereby bring this Complaint and Request for Jury Trial against Defendants Nationwide Recovery Service, Inc. ("NRS"), and Trans Union LLC ("Trans Union"), and in support thereof states:

## I.   INTRODUCTION

1.      This is an action filed under the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681 *et. seq.*, relating to the Defendants destroying the Plaintiff's credit while attempting to collect a debt that he in fact does not owe. To make matters worse, after the Plaintiff disputed the credit reporting of the invalid debt, the Defendants both doubled down on their harm to the Plaintiff by verifying the invalid debt as "accurate" and continued reporting the invalid debt. When disputing the debt, the Defendant provided definitive evidence that he had already paid the medical debt in question off – indicating that the Defendants had to have known that he did not owe the debt when they verified the invalid debt as "accurate."

## II.   PARTIES

2.      The Plaintiff is a natural person who resides in Silver Spring, MD. Plaintiff is a consumer under all relevant state and federal law.

3.      Defendant NRS is a collection agency with a main office in Cleveland, TN that collects debts in Maryland, and has a registered agent in Maryland. NRS is a furnisher under the FCRA and a collector under the FDCPA.

4.      Trans Union is a Delaware Limited Liability Company, and is a Credit Reporting Agency ("CRA"). It is registered to do business in Maryland, but forfeited its registration in 2016 for failure to file its 2016 property return. Its principal office is 1013 Center Road, Wilmington DE 19805. Its registered agent in Maryland is CSC-Lawyers Incorporating Service Company, 7 St. Paul St. Suite 820, Baltimore, MD 21202. Trans Union regularly conducts business throughout Maryland, including in Baltimore City.

5.      Trans Union is a consumer reporting agency 15 U.S.C. §1681a(f).

### III.      JURISDICTION AND VENUE

6.      Pursuant to 28 U.S.C. § 1331, this court has jurisdiction due to the federal questions in this case, specifically whether the defendants violated federal consumer protection statutes: FDCA and FCRA.

7.      This Court has personal jurisdiction and venue is proper because Defendants regularly conduct business in this District, and a substantial portion of the events complained of occurred here.

### IV.      STATEMENT OF FACTS

8.      Plaintiff and his family received medical services from Kaiser Permanente and the Plaintiff received a bill for those services in late January or early February of 2019. The total amount owed on the bill dated February 25, 2019 was $1,416.13. That bill stated the total balance was due on March 27, 2019.

9.      On March 26, 2019, the Plaintiff remitted an electronic payment of $1,416.13 to Kaiser Permanente.

10.      Defendant NRS sent the Plaintiff a collection letter dated May 29, 2019 for $88.00 owed to Kaiser Permanente.

11.      The Plaintiff knew he had paid all of his bills to Kaiser, so he sent a letter disputing that debt to NRS, and Plaintiff asked for validation of the debt.

12.      In response to the Plaintiff's verification letter, NRS "verified" the debt with a letter stating he owed $88, and sent an "itemized statement that serves as proof," however, the itemized statement only showed service charges for the $1,416.13 that Plaintiff had already paid on March 26, 2019.

13.     On July 26, 2019, the Plaintiff was alerted by Bank of America Privacy Assist that a new derogatory collection account was added to his credit report. Soon after, the Plaintiff observed the NRS invalid $88 medical debt appearing on his credit report.

14.     On September 2, 2019, the Plaintiff sent a dispute letter to Defendant Trans Union informing it that it is reporting an invalid collection account of the Plaintiff's credit report. Along with the dispute letter, the Plaintiff attached billing statements from Kaiser that show that he could not owe the $88 debt in collections.

15.     Trans Union sent the dispute letter with attachments to NRS as it is required to due pursuant to its obligation under the FCRA.

16.     In response to the dispute letter, NRS "verified" the collection account reporting as "accurate."

17.     Trans Union continues to re-report the invalid collection account even after the Plaintiff gave Trans Union definitive proof that he does not owe the collection account.

**Count One – Negligent Violation Fair Credit Reporting Act (FCRA)**
*15 U.S.C. §§ 1681 et. seq.*
(Against NRS)

18.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

19.     The FCRA requires that a furnisher such as Defendant NRS, after receiving notice from a consumer reporting agency that a consumer disputes information that is being reported by that furnisher, conduct a reasonable investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the consumer reporting agency, and, if the investigation reveals that the

information is incomplete or inaccurate, to report those results to all other consumer reporting agencies to which the furnisher has provided the inaccurate information.

20.　　Defendant NRS began reporting inaccurate information to Defendant Trans Union, in breach of its duties to report accurate consumer information.

21.　　Plaintiff disputed the inaccurate information in September of 2019.

22.　　Even after Plaintiff disputed the inaccurate information, including documentary evidence establishing that he did not owe money to NRS or Kaiser, Defendant NRS verified the damaging trade line as "accurate" and continued reporting the false, damaging information about Plaintiff.

23.　　15 U.S.C. § 1681s-2 prohibits furnishers from reporting inaccurate information, and sets forth the furnisher's duty to investigate the completeness and accuracy of the information reported when the furnisher receives a dispute from a consumer.

24.　　After receiving notice by the Defendant Trans Union, as required by the FCRA, Defendant NRS engaged in conduct that violates 15 USC § 1681s-2(a), (b), by:

    a. failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. failing to report the results of investigations to the CRAs;

    c. failing to report an accurate status of the inaccurate information to the CRAs, or by failing to delete the trade line;

    d.  failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e.  continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to Trans Union; and

    f.  failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-2(a), (b).

25.    Defendant NRS's conduct was a direct and proximate cause, as well as a substantial factor in causing serious and concrete injury and harm to the Plaintiff.

**Count Two – Willful Violation Fair Credit Reporting Act (FCRA)**
*15 U.S.C §§ 1681 et. seq.*
(Against NRS)

26.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

27.    Each action by Defendant NRS described in Count One was willful.

28.    The Defendant NRS knew that the Plaintiff did not owe the $88 debt because the Plaintiff sent NRS ample proof, and if NRS did not actually know, then NRS recklessly disregarded the facts and evidence provided by the Plaintiff.

29.    Plaintiff is entitled to an order for statutory and punitive damages due to Defendant NRS's willful noncompliance of the FCRA pursuant to 15 U.S. Code § 1681n.

**Count Three – Negligent Violation Fair Credit Reporting Act (FCRA)**
*15 U.S.C §§ 1681 et. seq.*
(Against Defendant Trans Union)

30.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

31.     The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a CRA is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

32.     The FCRA further requires the CRA, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the CRA to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the CRA is required to "review and consider all relevant information submitted by the consumer." Id.

33.     Defendant Trans Union failed to conduct a reasonable reinvestigation of the inaccuracies that the Plaintiff disputed.

34.     Defendant Trans Union failed to review and consider all relevant information submitted by Plaintiff.

35.     As a direct and proximate result of the above-described violations of § 1681i of the FCRA, Plaintiff has sustained concrete and actual damages.

36.     Despite receiving a dispute from the Plaintiff, Defendant Trans Union failed to correct the disputed erroneous information.

37.     Defendant Trans Union failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 USC § 1681e(b).

38.     As a direct and proximate result of the above-described violations of § 1681e(b) of the FCRA, Plaintiff has sustained damages.

### Count Four – Willful Violation of Fair Credit Reporting Act (FCRA)
15 U.S.C §§ 1681 et. seq.
(Against Defendant CRAs)

39.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

40.     Each action and inaction by Defendant Trans Union stated in Count Three was willful. If the actions were not willful, then they were reckless.

41.     As a direct and proximate result of Defendant Trans Union's willful violations of the FCRA, the Plaintiff suffered concrete and actual damages.

42.     Plaintiff is entitled to an order for statutory and punitive damages due to Defendant CRAs' willful noncompliance of the FCRA pursuant to 15 U.S. Code § 1681n.

### Count Five – Claim for Attorneys' Fees Allowed By Law

(Both Defendants)

43.     Pursuant to Rule 2-703(b) the Plaintiff includes this separately numbered claim for attorney's fees in this initial pleading.   Further, pursuant to Rule 2-703(d), the Plaintiff advises the court and the Defendants that she believes that this case is likely to result in a substantial claim for attorneys' fees for services over a significant period of time.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor and against Defendants as follows:

I.   Count I -  for actual damages and losses (including economic and non-economic) in a sum in excess of $75,000 against NRS;

II.   Count II - punitive damages for willful violations of the FCRA at an amount to be determined by a jury against NRS;

III.   Count III – for actual damages and losses (including economic and non-economic) in a sum in excess of $75,000 against Defendant Trans Union;

IV.   Count IV – punitive damages for willful violations of the FCRA at an amount to be determined by a jury against Defendant Trans Union;

V.   Count V - costs and attorney's fees incurred by Plaintiff pursuant to the FCRA; and

VI.   Plaintiff requests that this Court grant Plaintiff such other and further relief as this Court finds necessary and proper.

Respectfully submitted,

_____/s/ Ingmar Goldson_____
The Goldson Law Office
1734 Elton Road, Suite 210
Silver Spring, MD 20903
Tel.    (240) 780-8829
 igoldson@goldsonlawoffice.com

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all legal claims and disputed facts asserted herein.

_____/s/ Ingmar Goldson_____
Ingmar Goldson